# EXHIBIT A

---

**REDACTED PURSUANT TO FRBP 9037**

Prepared by, recording requested by,
and when recorded mail to:

Unlock Partnership Solutions Inc.
270 Madison Ave, Suite 702
New York, NY 10016

[redacted]

C-CO874295

(Space Above for Recorder's Use)

## PERFORMANCE DEED OF TRUST

**NOTICE TO RECORDER: THIS DOCUMENT CONSTITUTES A SECURITY AGREEMENT AND FIXTURE FILING UNDER ARTICLE 9 OF THE UCC (AS DEFINED HEREIN) AND SHOULD BE FILED AND INDEXED IN THE REAL PROPERTY RECORDS NOT ONLY AS A DEED OF TRUST, BUT ALSO AS A SECURITY AGREEMENT AND FIXTURE FILING.**

**FIXTURE FILING NOTICE: THIS DEED OF TRUST CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING PURSUANT TO THE COLORADO UNIFORM COMMERCIAL CODE AND COVERS PROPERTY WHICH IS OR WILL BECOME FIXTURES RELATED TO THE REAL PROPERTY HEREIN DESCRIBED.**

This **PERFORMANCE DEED OF TRUST**, together with any riders hereto ("**Performance Deed of Trust**"), is made as of NOVEMBER 16, 2023 ("**Effective Date**"), by JENNIFER COURNOYER,* whose mailing address is 211 Appleby Street, Bailey, CO 80421 (each in his/her individual capacity and as grantor, individually or collectively, "**Owner**"), to PUBLIC TRUSTEE OF PARK** ("**Trustee**"), for the benefit of UNLOCK PARTNERSHIP SOLUTIONS INC., a Delaware corporation, whose mailing address is 270 Madison Ave, Suite 702, New York, NY 10016, and its successors and assignees ("**Beneficiary**" or "**Unlock**"). *MARRIED, JOINED BY SPOUSE NEAL LOUIS NATHANSON

## RECITALS

**COUNTY

A. This Performance Deed of Trust is given in connection with the execution of that certain Forward Sale and Exchange Agreement ("**Exchange Agreement**"), which is hereby incorporated into this Performance Deed of Trust as if set forth in full, and entered into by and between Owner and Beneficiary, pursuant to which Owner (a) grants and conveys to Beneficiary the right to receive an undivided percentage interest (the "**Unlock Percentage**") in the future value of Owner's real property and Improvements (as defined herein) thereon in County of PARK, State of Colorado, as more particularly described in Schedule A attached hereto and incorporated herein by this reference, and commonly known as 211 APPLEBY STREET, BAILEY, CO 80421 ("**Land**"), and (b) agrees that upon the occurrence of certain events under the Exchange Agreement, Unlock has the right to convert the Unlock Percentage (the "**Conversion**") to an undivided fee simple ownership interest equal to the Unlock Percentage in and to the Real Property (as defined herein).

[redacted]

In exchange for granting and conveying the Unlock Percentage to Beneficiary, Beneficiary paid to Owner a payment amount equal to ONE HUNDRED AND NINETEEN THOUSAND, SEVEN HUNDRED AND FORTY-TWO Dollars ($119,742.00) (the "**Investment Payment**"), subject to the terms and conditions of the Exchange Agreement.

B. Beneficiary desires to secure the rights granted to it in the Exchange Agreement and the performance of Obligations (hereinafter defined).

C. This Performance Deed of Trust is given pursuant to the Exchange Agreement, and payment, fulfillment, and performance of the obligations due under the Exchange Agreement and certain other ancillary documents executed by Owner and Beneficiary concurrently herewith (which documents, together with this Performance Deed of Trust are collectively termed the "**Transaction Documents**") are secured by this Performance Deed of Trust in accordance with the terms set forth herein.

D. Pursuant to the Exchange Agreement, Owner has made certain covenants and promises to, or for the benefit of, Beneficiary in connection with the Real Property, all as more particularly described, and on the terms and conditions stated in the Exchange Agreement.

E. Execution of this Performance Deed of Trust is intended, among other things, to give notice, in the form set out in Schedule B attached hereto and incorporated herein by this reference, of (a) the Exchange Agreement, (b) certain rights and responsibilities of Owner as to Beneficiary, and (c) the covenants and promises set forth in the Exchange Agreement that run with the land and will be binding upon any person who acquires Owner's interest in the Real Property so long as the Exchange Agreement has not expired or been terminated.

1. **Grant in Trust.** OWNER HEREBY IRREVOCABLY grants, bargains, sells, and conveys to Trustee, IN TRUST, WITH POWER OF SALE, for the use and benefit of Beneficiary, its successors and assigns, all of Owner's present and future estate, right, title, and interest in and to the following property, rights, interests and estates now owned, or hereafter acquired by Owner (collectively, the "**Property**"), none of which constitutes agricultural real estate:

**a.** Real Property. The Land together with all improvements, replacements and additions now or hereafter erected on the Land (collectively, the "**Improvements**") and all easements, appurtenances and fixtures now or hereafter a part of the Land and Improvements (collectively, the "**Real Property**").

**b.** Leases and Rents. All leases, subleases, subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any Person is granted a possessory interest in, or right to use or occupy all or any portion of the Real Property, and every modification, amendment or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into in connection with such leases, subleases, subsubleases, or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto, heretofore or hereafter entered into, whether before or

[redacted]

after the filing by or against Owner of any petition for relief under any Creditors Rights Laws (collectively, the "**Leases**") and all right, title and interest of Owner, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, rent equivalents, moneys payable as damages or in lieu of rent or rent equivalents, royalties (including, without limitation, all oil and gas or other mineral royalties and bonuses), income, receivables, receipts, revenues, deposits (including, without limitation, security, utility and other deposits), accounts, cash, issues, profits, charges for services rendered, and other consideration of whatever form or nature received by or paid to or for the account of or benefit of Owner or its agents or employees from any and all sources arising from or attributable to the Real Property, including, all receivables, customer obligations, installment payment obligations and other obligations now existing or hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of property or rendering of services by Owner and proceeds, if any, from business interruption or other loss of income insurance whether paid or accruing before or after the filing by or against Owner of any petition for relief under any Creditors Rights Laws (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Settlement Payment. As used herein, "**Creditors Rights Laws**" shall mean any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, conservatorship, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to its debts or debtors. The assignments of Owner's interests under this clause (b) is a security interest in such interests, including the cash proceeds, cash, checks and deposit accounts relating thereto.

**c.** Insurance Proceeds. All insurance proceeds in respect of the Real Property under any insurance policies covering the Real Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Real Property (collectively, the "**Insurance Proceeds**").

**d.** Condemnation Awards. All condemnation awards, including interest thereon, which may heretofore and hereafter be made with respect to the Real Property by reason of any taking or condemnation, whether from the exercise of the right of eminent domain (including, but not limited to, any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Real Property (collectively, the "**Awards**").

**e.** Easements and Rights of Way. All easements, rights of way, appurtenances and other rights used in connection with the Real Property or as a means of access thereto.

**f.** Additional Land. All additional lands, estates and development rights hereafter acquired by Owner for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of this Performance Deed of Trust which additional lands and estates shall, thereafter, automatically become part of the Land, as such term is used herein;

**g.** Fixtures and Personal Property. All machinery, equipment, fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures,

inventory and goods) and other property of every kind and nature whatsoever, owned by Owner, or in which Owner has or shall have an interest, or usable in connection with the present or future operation and occupancy of the Real Property and all building equipment, materials and supplies of any nature whatsoever owned by Owner, or in which Owner has or shall have an interest, or usable in connection with the present or future operation and occupancy of the Real Property (collectively, the "**Personal Property**"), and the right, title and interest of Owner in and to any of the Personal Property which may be subject to any security interests, as defined under the Uniform Commercial Code as in effect in the applicable jurisdiction (the "**UCC**"), superior in lien to the lien of this Performance Deed of Trust and all proceeds and products of the above; and

**h.** Other Rights. Any and all other rights of Owner in and to the items set forth in clauses (a) through (g) above.

**CONDITIONS TO GRANT:** TO HAVE AND TO HOLD the above granted and described Property unto and to the use and benefit of Beneficiary and its successors and assigns, forever, WITH THE POWER OF SALE, to secure Owner's payment to Beneficiary of the Settlement Payment and the performance of the Obligations at the time and in the manner provided in the Transaction Documents and this Performance Deed of Trust;

**PROVIDED, HOWEVER,** these presents are upon the express condition that, if Owner shall well and truly (a) pay to Beneficiary the Settlement Payment at the time and in the manner provided in the Exchange Agreement, this Performance Deed of Trust and the other Transaction Documents, (b) perform the Obligations as set forth in the Exchange Agreement, this Performance Deed of Trust and the other Transaction Documents, and (c) abide by and comply with each and every covenant and condition set forth in the Exchange Agreement, this Performance Deed of Trust and the other Transaction Documents, these presents and the estate hereby granted shall cease, terminate and be void; provided, however, that Owner's obligation to indemnify and hold harmless Beneficiary pursuant to the provisions hereof shall survive any such payment and release.

2. **Secured Obligations.**

**a.** Obligations. Owner makes the grant, transfer and assignment set forth in Section 1 for the purpose of securing the following "**Obligations**":

(1) the payment of the Settlement Payment;

(2) all other obligations of Owner contained herein;

(3) the payment and/or performance of all other obligations of Owner contained in the Transaction Documents;

(4) each obligation of Owner contained in any renewal, extension, amendment, modification, consolidation, change of, or substitution or replacement for, all or any part of the Exchange Agreement;

[redacted]

(5) any expenditures made by Beneficiary pursuant to, or under, this Performance Deed of Trust, including, without limitation, any Protective Advances; and

(6) payment of all fees and expenses (including, as allowed by applicable law, court and other dispute resolution costs, attorneys' and experts' fees and costs, and fees and disbursements of in-house counsel (collectively "**Attorneys' Fees**") incurred by Beneficiary in the enforcement and collection of the obligations listed above and the protection of Beneficiary's rights related thereto, whether such fees are incurred in any state, federal or bankruptcy court or otherwise and whether or not litigation or arbitration is commenced. Attorneys' Fees shall include, Attorneys' Fees incurred in any state, federal or bankruptcy court, and in any bankruptcy case or insolvency proceeding, of any kind in any way related to this Performance Deed of Trust, to the interpretation or enforcement of the parties' rights under this Performance Deed of Trust, or to the Property.

**b.** Investment Payment. Owner shall not be obligated to repay any part of the Investment Payment; and therefore, such item shall not be included within the Obligations. The foregoing shall not, however, in any way limit any payment calculated and agreed by Owner to be paid pursuant to the Exchange Agreement.

3. **UCC Security Agreement and Fixture Filing.** This Performance Deed of Trust also is intended to be and shall constitute a "security agreement" within the meaning of the UCC for any items of personal property that constitute fixtures or are specified as part of the Property and that under applicable law may be subject to a security interest under the UCC. Owner hereby grants to Beneficiary a security interest in those items to secure the performance and payment of the Obligations.

**a.** Owner agrees that Beneficiary may file either this Performance Deed of Trust, or a copy of it, or a UCC-1 Financing Statement in the real estate records or other appropriate index and/ or in the Office of the Secretary of State of the State of Colorado or other appropriate office of any state or jurisdiction, as a financing statement for any of the items specified above as part of the Property.

**b.** This Performance Deed of Trust constitutes a financing statement filed as a fixture filing pursuant to, and is effective in accordance with, the applicable provisions of Article 9 of the UCC, and any similar or successor provisions. With respect to said fixture filing (a) debtor is Owner and Owner's name and address appear in the first paragraph of this Performance Deed of Trust, and (b) the secured party is Beneficiary and Beneficiary's name and address appears in the first paragraph of this Performance Deed of Trust. The Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Owner. By executing and delivering this Performance Deed of Trust, Owner hereby grants to Beneficiary, as security for the Obligations, a security interest in all "accounts", "deposit accounts", "chattel paper", "equipment", "fixtures", "inventory", "general intangibles" and "goods" (as such terms are defined in the UCC) to the full extent that the foregoing may be subject to the UCC.

**c.** Beneficiary may file such extensions, renewals, amendments and releases as are appropriate to reflect the status of its security interest.

**d.** Owner shall pay all costs of filing such financing statements and any extensions, renewals, amendments, and releases of such statements, and shall pay all reasonable costs and expenses of any record searches for financing statements that Beneficiary may reasonably require.

**e.** On any default hereunder, Beneficiary shall have the remedies of a secured party under the UCC and may also invoke the remedies in Section 7. In exercising any of these remedies, Beneficiary may proceed against the items of Real Property, fixtures or improvements separately or together and in any order whatsoever without in any way affecting the availability of Beneficiary's remedies under the UCC or the remedies in Section 7.

4. **Assignment of Leases and Rents.** Owner hereby absolutely and unconditionally assigns to Beneficiary and Trustee all of Owner's right, title and interest in and to all current and future Leases and Rents; it being intended by Owner that this assignment constitutes a present, absolute assignment and not an assignment for additional security only.

**a.** Owner hereby gives to, and confers upon, Beneficiary the right, power and authority, during the continuance of this Performance Deed of Trust, to collect the Rents, reserving unto Owner the right, prior to any default by Owner in payment of the Obligations secured hereby or in performance of any agreement hereunder, to collect and retain such Rents, as they become due and payable.

**b.** Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by appointment of a receiver, and without regard to the adequacy of any security for the Obligations secured hereby, enter upon and take possession of the Property or any part of it, in its own name sue for or otherwise collect such Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including Attorneys' Fees to the Obligations secured hereby, and in such order as Beneficiary may determine. Beneficiary's rights under this clause (b) include its rights to appoint a receiver under all applicable laws, as in effect from time to time.

**c.** The entering upon and taking possession of the Property, the collection of such rents, issues and profits and the application of such rents, issues and profits pursuant to this Performance Deed of Trust, shall not cure or waive any default or notice of default under this Performance Deed of Trust or invalidate any act done pursuant to such notice.

**d.** Nothing in this section shall permit Owner to lease or rent the Property in contravention of any provision of the Exchange Agreement; nor shall anything in this section modify any provision in the Exchange Agreement relating to the use, lease or occupancy of the Property.

5. **Covenants, Representations and Warranties of Owner .** Owner hereby agrees as follows:

**a.** Owner represents and warrants that Owner has good and marketable title to the Property and has the right to grant and convey the Property.

**b.** Owner will observe and perform all of the covenants and agreements under the

Transaction Documents.

c. To appear in and defend any action or proceeding purporting to affect the security of this Performance Deed of Trust or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Trustee and Beneficiary (including cost of evidence of title and Attorneys' Fees) incurred: (i) in any state, federal or bankruptcy court, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Performance Deed of Trust or to collect the Obligations or to protect Beneficiary's rights under this Performance Deed of Trust; and/or (ii) in connection with the enforcement of any provisions of this Performance Deed of Trust or in connection with foreclosure upon the collateral granted under this Performance Deed of Trust (whether or not suit is filed).

d. To pay at least ten days before delinquency all taxes and assessments affecting the Property; and all encumbrances, charges and liens, with interest, on the Property (or any part of the Property), which are prior or could obtain priority to the lien or to the rights granted under this Performance Deed of Trust, and all costs, fees and expenses of this Performance Deed of Trust.

(1) If Owner fails to make any payment or to do any act as provided in this Performance Deed of Trust, Beneficiary or Trustee may (but shall not be obligated to) make the payment or do the act in the required manner and to the extent deemed necessary by Beneficiary or Trustee to protect the security for this Performance Deed of Trust, which payments and related expenses (including Attorneys' Fees) shall also be secured by this Performance Deed of Trust.

(2) Such performance by Beneficiary or Trustee shall not require notice to, or demand on, Owner and shall not release Owner from any obligation under this Performance Deed of Trust.

(3) Beneficiary or Trustee shall have the following related rights and powers: (A) to enter upon the Property for the foregoing purposes, (B) to appear in and defend any action or proceeding purporting to affect the Property or the rights or powers of Beneficiary or Trustee under this Performance Deed of Trust, (C) to pay, purchase, contest or compromise any encumbrance, charge, or lien that in the judgment of Beneficiary or Trustee appears to be prior or superior to this Performance Deed of Trust, and (D) to employ counsel, and to pay such counsel necessary expenses and costs, including Attorneys' Fees.

e. To pay immediately upon demand all sums expended by Beneficiary or Trustee pursuant to this Performance Deed of Trust; and to pay interest on any of the foregoing amounts demanded by Beneficiary or Trustee at the rate as specified in the Transaction Documents from the date of such demand (or as otherwise specified by applicable law), not to exceed the maximum rate allowed by law at the time of such demand.

f. To keep the Property in good condition and repair, and in a condition substantially similar to its condition on the date hereof, except for normal wear and tear and shall not remove or demolish any building thereon, and shall not materially destroy, damage or impair the Property, allow the Property to materially deteriorate or commit waste on the Property. Owner shall also comply with all laws

affecting the Property or requiring any alterations or improvements to be made thereon and shall not permit any act upon the Property in violation of the law.

g. Not to initiate, join in, acquiesce in, or consent to any change in any private restrictive covenant, zoning law or other public or private restriction, limiting or defining the uses which may be made of the Property or any part thereof.

h. On demand, to fully cooperate with Beneficiary in filing and recording this Performance Deed of Trust and any of the other Transaction Documents creating a lien or security interest or evidencing the lien hereof, including without limitation any financing statements, upon the Property and other collateral and each instrument of further assurance to be filed, registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect and perfect the lien or security interest hereof upon, and the interest of Beneficiary in, the Property. Owner will pay all taxes, filing, registration or recording fees, and all expenses incident to the preparation, execution, acknowledgment and/or recording of the Transaction Documents, and any instrument of further assurance, and any modification or amendment of the foregoing documents, and all federal, state, county and municipal taxes, duties, imposts, assessments and charges arising out of or in connection with the execution and delivery of the Transaction Documents or any instrument of further assurance, and any modification or amendment of the foregoing documents, except where prohibited by law so to do.

i. At the cost of Owner, and without expense to Beneficiary, to do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, deeds of trust, mortgages, assignments, notices of assignments, transfers and assurances as Beneficiary shall, from time to time, require, for the better assuring, conveying, assigning, transferring, and confirming unto Beneficiary and Trustee the Property and rights hereby deeded, mortgaged, granted, bargained, sold, conveyed, confirmed, pledged, assigned, warranted and transferred or intended now or hereafter so to be, or which Owner may be or may hereafter become bound to convey or assign to Beneficiary, or for carrying out the intention or facilitating the performance of the terms of this Performance Deed of Trust or for filing, registering or recording this Performance Deed of Trust, or for complying with all legal requirements. Owner, on demand, will execute and deliver and hereby authorizes Beneficiary to file one or more financing statements or execute in the name of Owner to the extent Beneficiary may lawfully do so, one or more chattel mortgages or other instruments, to evidence more effectively the security interest of Beneficiary in the Property. Owner grants to Beneficiary an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Beneficiary at law and in equity, including without limitation such rights and remedies available to Beneficiary pursuant to this clause (i).

6. **Power of Attorney.** Owner hereby irrevocably appoints Beneficiary as Owner's attorney-in-fact (such agency being coupled with an interest). As such attorney-in-fact Beneficiary may, after providing notice to Owner pursuant to the Exchange Agreement (without the obligation to do so) in Beneficiary's name, or in the name of Owner, prepare, execute and file or record financing statements, continuation statements, applications for registration and like documents necessary to create, perfect or preserve any of Beneficiary's security interests and rights in or to any of the Property, and, upon a default

under this Performance Deed of Trust, take any other action required of Owner; provided, however, that Beneficiary as such attorney-in-fact shall be accountable only for such funds as are actually received by Beneficiary.

**7. <u>Default and Foreclosure and Power of Sale.</u> Beneficiary shall give notice to Owner prior to enforcement following Owner's breach of any covenant or agreement in the Transaction Documents. The notice shall specify: (i) the default; (ii) the action required to cure the default; (iii) a date, not less than thirty (30) days from the date the notice is given to Owner, by which the default must be cured; and (iv) that failure to cure the default on or before the date specified in the notice may result in all sums secured by this Performance Deed of Trust becoming due and payable and sale of the Property. The notice shall further inform Owner of the right to reinstate after enforcement and the right to bring a court action to assert the non-existence of a default or any other defense of Owner to enforcement and sale. If the default is not cured on or before the date specified in the notice, Beneficiary at its option may require immediate payment in full of all sums secured by this Performance Deed of Trust without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Beneficiary shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**To the fullest extent permitted by applicable law, if Beneficiary invokes the power of sale, Beneficiary shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Beneficiary's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Beneficiary or Trustee shall mail copies of the notice as prescribed by applicable law to Owner and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Owner, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Beneficiary or its designee may purchase the Property at any sale.**

**To the extent permitted by Colorado law, Owner hereby waives and relinquishes any right to have the fair market value of the Real Property determined by a judge or jury in any action on the Obligations secured hereby.**

Notice provided to Owner under this Performance Deed of Trust shall be delivered to the address specified in Section 21 in accordance with the applicable terms and conditions of the Exchange Agreement unless otherwise required by applicable law.

**a.** Exercise of Beneficiary's remedies under this Performance Deed of Trust shall be in compliance with applicable law.

**b.** The power of sale under this Performance Deed of Trust shall not be exhausted by any

[redacted]

one or more sales (or attempts to sell) as to all or any portion of the Property remaining unsold, but shall continue unimpaired until all of the Property has been sold by exercise of the power of sale herein contained and all Obligations of Owner to Beneficiary under the Performance Deed of Trust or other Transaction Documents have been paid in full.

c. Any proceeds of any disposition under this Section 7 shall not cure any Event of Default or reinstate any of the obligations secured under this Performance Deed of Trust for the purposes of applicable law or otherwise.

**d.** Beneficiary may exercise its right to foreclose pursuant to the power of sale set forth herein, foreclose by judicial action pursuant to applicable law and/or seek any other remedy available at law or in equity to the maximum extent permitted by applicable law. Any provision of this Performance Deed of Trust which is prohibited or unenforceable in any jurisdiction, will, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction will not invalidate or render unenforceable such provision in any other jurisdiction.

8. **Late Performance.** By accepting performance of any obligation after its due date, Beneficiary does not waive its right either to require prompt performance when due of all other obligations or to declare default for such failure to perform.

9. **Trustee's Powers.** At any time or from time to time, without liability therefor upon written request of Beneficiary and presentation of this Performance Deed of Trust, and without affecting the personal liability of any person for the performance of the Exchange Agreement secured hereby, Trustee may: (a) reconvey any part of the Property; (b) consent to the making of any map or plat of the Property; (c) join in granting any easement thereon; and (d) join in any extension agreement or any agreement subordinating the lien or charge of this Performance Deed of Trust.

10. **Substitution of Trustee.** Beneficiary, or any successor in ownership of the Obligations, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named or acting under this Performance Deed of Trust, which instrument, when executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where the Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from Trustee's predecessor, succeed to all its title, estate, rights, powers and duties. Such instrument must contain the name of the original Owner, Trustee and Beneficiary under this Performance Deed of Trust, the book and page where this Performance Deed of Trust is recorded, and the name and address of the new Trustee(s). This procedure for substitution shall govern to the exclusion of all other provisions for substitution.

11. **Trustee's Compensation.** Owner shall pay Trustee's fees and reimburse Trustee for expenses in the administration of this Trust, including Attorneys' Fees.

12. **Full Reconveyance.** Upon written request of Beneficiary stating that all Obligations

have been performed or paid, and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held under this Performance Deed of Trust. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness of such recitals. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

13. **Reserved.**

14. **Successors.** This Performance Deed of Trust applies to, inures to the benefit of, and binds all parties to this Performance Deed of Trust, their heirs, legatees, devisees, administrators, executors, successors, and assignees. The term "Beneficiary" shall include any successor or assignee of Beneficiary's rights in the Exchange Agreement and in this Performance Deed of Trust, whether or not named as Beneficiary in this Performance Deed of Trust. In this Performance Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

15. **Joint and Several Liability.** If more than one person signs this Performance Deed of Trust as Owner, the obligations of each signatory shall be joint and several.

16. **Multiple Owners.** If there are multiple Owners of the Property:

a. this Performance Deed of Trust must be signed by each such Owner;

b. all rights and powers specified for Owner in this Performance Deed of Trust must be approved and exercised unanimously by all such multiple Owners;

c. all such multiple Owners shall be jointly and severally liable for all liabilities and obligations specified for Owner under this Performance Deed of Trust;

d. notice required to be given by, or to, Owner will be deemed adequately given if given by, or to, any of Owners using the contact information set forth in Section 21; and

e. Beneficiary may treat any notice received from any one Owner as notice from all Owners.

17. **Revocable Trust.** If any Owner is/are the trustee(s) of a Revocable Trust (as defined herein):

a. all trustees of the Revocable Trust and all individuals having the power to revoke the Revocable Trust (referred to herein as "owners of the Revocable Trust") must sign this Performance Deed of Trust in their respective capacities as trustees and/or owners of the Revocable Trust, and each trustee and owner of the Revocable Trust who signs this Performance Deed of Trust hereby represents and warrants that all trustees and owners of the Revocable Trust have been disclosed to Beneficiary;

b. any trustee of the Revocable Trust who is also an owner of the Revocable Trust need only sign this Performance Deed of Trust once for it to be binding on such person both as trustee and as

owner of the Revocable Trust;

**c.** all rights and powers specified for, and all actions required of, Owner in this Performance Deed of Trust must be approved and exercised unanimously by all trustees of the Revocable Trust;

**d.** all trustees and all owners of the Revocable Trust shall be jointly and severally liable for all liabilities and obligations specified for Owner under this Performance Deed of Trust;

**e.** all representations and warranties by Owner in this Performance Deed of Trust are made by all trustees of the Revocable Trust on behalf of the Revocable Trust and by all owners of the Revocable Trust;

**f.** notice required to be given by, or to, any Owner will be deemed adequately given if given by, or to, any of the trustees of the Revocable Trust using the contact information set forth in Section 21; and

**g.** Beneficiary may treat any notice received from any one trustee of the Revocable Trust as notice from all trustees of the Revocable Trust and from Owner.

As used herein, "**Revocable Trust**" shall mean a revocable trust, revocable living trust, inter vivos trust, revocable family trust or similar trust established in accordance with the laws of any state.

18. **Acceptance by Trustee.** Trustee accepts this Trust when this Performance Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

19. **Extent of Lien. The lien granted under this Performance Deed of Trust shall encumber Owner's entire interest in the Property, notwithstanding the fact that the Exchange Agreement relates to only a fractional interest in the Property.**

20. **Miscellaneous.**

**a.** So long as any of the Obligations remain outstanding and undischarged, unless Beneficiary otherwise consents in writing, the fee estate of Owner in the Property or any part thereof (including the estate of Beneficiary after exercising the Conversion) will not merge, by operation of law or otherwise, with any other estate in the Property or any part of it, but will always remain separate and distinct, notwithstanding the union of the fee estate and such other estate in Beneficiary or in any other Person.

**b.** Owner agrees, to the full extent that it may lawfully do so, that it will not at any time insist upon or plead or in any way take advantage of any appraisement, valuation, stay, marshalling of assets, extension, redemption or moratorium law now or hereafter in force and effect so as to prevent or hinder the enforcement of the provisions of this Performance Deed of Trust or the Obligations secured hereby, or any agreement between Owner and Beneficiary or any rights or remedies of Beneficiary. To the extent permitted by applicable law, Owner waives (i) the benefit of all present or future laws providing for any appraisement before sale of any portion of the Property, (ii) all rights of redemption, valuation,

appraisement, stay of execution, notice of election to mature or declare due the whole of the Obligations and marshaling in the event of foreclosure of the lien created by this Performance Deed of Trust, (iii) all rights and remedies which Owner may have or be able to assert by reason of the laws of the State of Colorado pertaining to the rights and remedies of sureties, (iv) the right to assert any statute of limitations as a bar to the enforcement of the lien of this Performance Deed of Trust or to any action brought to enforce any obligation secured by this Performance Deed of Trust, and (v) any rights, legal or equitable, to require marshaling of assets or to require foreclosure sales in a particular order, including any requirement under applicable law to require Beneficiary to resort to assets in a particular order or resort to certain assets before others. To the extent permitted by applicable law, Beneficiary shall have the right to determine the order in which any or all (i) of the Property shall be subjected to the remedies provided by this Performance Deed of Trust, and (ii) portions of the Obligations are satisfied from the proceeds realized upon the exercise of the remedies provided by this Performance Deed of Trust.

c. Notwithstanding Owner's obligations under Section 21.12 (Indemnification) of the Exchange Agreement, Owner agrees it will pay or reimburse Trustee and Beneficiary for all reasonable attorneys' fees, costs and expenses incurred by either of them in any suit, legal proceeding or dispute of any kind in which either of them is made a party or appears as party plaintiff or defendant, affecting the Obligations, this Performance Deed of Trust or the interest created herein, or the Property or any appeal thereof, including, but not limited to, activities related to enforcement of the remedies of Beneficiary, activities related to protection of Beneficiary's collateral, any foreclosure action or exercise of the power of sale, any condemnation action involving the Property or any action to protect the security hereof, any bankruptcy or other insolvency proceeding commenced by or against Owner, and any such amounts paid or incurred by the Trustee or Beneficiary shall be added to the Obligations and shall be secured by this Performance Deed of Trust. The agreements of this clause shall expressly survive in perpetuity satisfaction of this Performance Deed of Trust and repayment of the secured Obligations, any release, reconveyance, discharge or foreclosure of this Performance Deed of Trust, conveyance by deed in lieu of foreclosure, sale, and any subsequent transfer by Trustee's conveyance of the Property.

d. To the extent permitted by law, Owner hereby waives the provisions of any law prohibiting Beneficiary from making an election under any Transaction Document as to the application of proceeds.

e. Trustee or Beneficiary may collect a fee not to exceed the maximum amount permitted by applicable law for furnishing the statement of obligation or other report, disclosure, or statement in connection with or pursuant to this Performance Deed of Trust or any other Transaction Document.

f. In furtherance of Beneficiary's rights under the Exchange Agreement to inspect the Property, Beneficiary may: (i) obtain a court order to enforce Beneficiary's right to enter and inspect the Property in accordance with applicable law (including as to the costs relating thereto), and (ii) have a receiver appointed to enforce Beneficiary's rights to enter and inspect the Property for Hazardous Substances (as defined herein) in accordance with applicable law.

g. References in this Performance Deed of Trust to any statute or statutory

provisions (including, without limitation, the UCC or applicable law) shall be deemed to be a reference to such statute or statutory provisions as amended or recodified from time to time.

**h.** Capitalized terms used in this Performance Deed of Trust shall have the meanings specified herein, or if not defined herein, in the Exchange Agreement. Except as expressly set out in this Performance Deed of Trust, if there is any conflict between the provisions of this Performance Deed of Trust and the provisions of the Exchange Agreement, the provisions of the Exchange Agreement shall control. In this Performance Deed of Trust, references to a Section or a Schedule shall be to a section or schedule of this Performance Deed of Trust unless otherwise stated.

21. **Notices.** All notices or other written communications hereunder shall be delivered in accordance with the applicable terms and conditions of the Exchange Agreement. Notices shall be sent to the address of the other party listed below as follows, unless a party has been notified by the other party in writing of a substitute address:

| **UNLOCK:** | **OWNER:** |
|---|---|
| Unlock Partnership Solutions Inc.<br><br>548 Market St, STE 31036<br>San Francisco, CA 94104<br><br>**Personal or Overnight Delivery**<br>Unlock Partnership Solutions Inc.<br>270 Madison Ave, Suite 702<br>New York, NY 10016<br><br>**Fax:** 844-916-4006<br><br>**Email:** support@unlock.com | Jennifer Cournoyer<br><br>211 Appleby Street<br><br>Bailey, CO 80421 |

22. **Hazardous Substances.** As used in this Section 22: (a) "**Hazardous Substances**" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law (as defined herein) and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "**Environmental Law**" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "**Environmental Cleanup**" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "**Environmental Condition**" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Owner shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous

Substances, or threaten to release any Hazardous Substances, on or in the Property. Owner shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Owner shall promptly give Beneficiary written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Owner has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Owner learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Owner shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Beneficiary for an Environmental Cleanup.

23. **Savings Clause.** This Performance Deed of Trust is subject to the express condition that at no time shall Owner be obliged or required to pay the Settlement Payment if such payment could subject Beneficiary to either civil or criminal liability as a result of being in excess of the Maximum Legal Rate (as defined below). If, by the terms of this Performance Deed of Trust or the other Transaction Documents, Owner is at any time required or obliged to pay the Settlement Payment due hereunder which was calculated pursuant to the Exchange Agreement using amounts in excess of the Maximum Legal Rate, the Settlement Payment shall be deemed to be immediately reduced to be calculated taking into account Maximum Legal Rate. In this Section 23, "**Maximum Legal Rate**" shall mean the maximum non-usurious rate of return, if any, that at any time or from time to time may be contracted for, taken, reserved, charged or received in connection with the Settlement Payment and as provided for in the Transaction Documents, under the laws of such State or States whose laws are held by any court of competent jurisdiction to govern the provisions relating to the Transaction Documents and/or Settlement Payment.

24. **Reinstatement Pursuant to Applicable Law.** Subject to applicable law, if Owner meets certain conditions, Owner shall have the right to have enforcement of this Performance Deed of Trust discontinued at any time before the earliest of: (a) five (5) days before sale of the Property pursuant to any power of sale contained in this Performance Deed of Trust; (b) such other period as applicable law might specify for the termination of Owner's right to reinstate; or (c) entry of a judgment enforcing this Performance Deed of Trust. Those conditions are that Owner: (i) pays Beneficiary all sums which then would be due under the Transaction Documents as if no acceleration had occurred; (ii) cures any default of any other covenants or agreements; (iii) pays all expenses incurred in enforcing this Performance Deed of Trust, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees

incurred for the purpose of protecting Beneficiary's interest in the Property and rights under this Performance Deed of Trust; and (iv) takes such action as Beneficiary may reasonably require to assure that Beneficiary's interest in the Property and rights under this Performance Deed of Trust, and Owner's obligation to pay the sums secured by this Performance Deed of Trust, shall continue unchanged.

25. **Arbitration.**

**a.** In the event of any inconsistencies between the terms and conditions of the Transaction Documents (or any of them) and the terms and conditions of this Section 25, this Section 25 shall control and be binding.

**b.** SUBJECT TO APPLICABLE LAW, OWNER AGREES THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH BENEFICIARY (INCLUDING ANY AFFILIATE, EMPLOYEE, OFFICER, DIRECTOR OF BENEFICIARY IN THEIR CAPACITY AS SUCH OR OTHERWISE) ARISING OUT OF, RELATING TO, OR RESULTING FROM THIS AGREEMENT OR THE PROPERTY, SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE ARBITRATION RULES OF JAMS, THE RESOLUTION EXPERTS (THE "RULES"), AND BECAUSE THIS AGREEMENT SUBSTANTIALLY AFFECTS INTERSTATE COMMERCE, THE PARTIES AGREE THIS AGREEMENT, INCLUDING ITS ENFORCEMENT, IS TO BE GOVERNED BY THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 1 ET SEQ.

**c.** **Procedure.** OWNER AGREES THAT ANY ARBITRATION WILL BE ADMINISTERED BY JAMS, AND THAT A SINGLE NEUTRAL ARBITRATOR WILL BE SELECTED IN A MANNER CONSISTENT WITH JAMS' COMPREHENSIVE ARBITRATION RULES AND PROCEDURES AND JAMS POLICY ON MINIMUM STANDARDS OF PROCEDURAL FAIRNESS FOR CONSUMER ARBITRATIONS. OWNER HAS ACCEPTED JAMS RULES AND USE OF JAMS. OWNER ALSO AGREES THAT THE ARBITRATOR SHALL HAVE THE POWER TO AWARD ANY REMEDIES, INCLUDING ATTORNEYS' FEES AND COSTS, AVAILABLE UNDER APPLICABLE LAW, EXCEPT AS OTHERWISE SET FORTH HEREIN. OWNER UNDERSTANDS THAT UNLOCK WILL PAY FOR ANY ADMINISTRATIVE OR HEARING FEES CHARGED BY THE ARBITRATOR OR JAMS EXCEPT THAT OWNER SHALL PAY THE FIRST $250.00 OF ANY FILING FEES ASSOCIATED WITH ANY ARBITRATION OWNER INITIATES. OWNER AGREES THAT THE ARBITRATOR SHALL ADMINISTER AND CONDUCT ANY ARBITRATION IN A MANNER CONSISTENT WITH THE RULES AND THAT TO THE EXTENT THAT THE APPLICABLE JAMS' ARBITRATION RULES CONFLICT WITH THE RULES, THE RULES SHALL TAKE PRECEDENCE. OWNER AGREES THAT THE DECISION OF THE ARBITRATOR SHALL BE IN WRITING AND PROVIDE A CONCISE WRITTEN STATEMENT OF THE ESSENTIAL FINDINGS AND CONCLUSIONS ON WHICH THE AWARD IS BASED. THE ARBITRATION SHALL BE CONDUCTED IN ANY U.S. STATE WHERE THE REAL PROPERTY IS LOCATED.

**d.** **Remedy.** EXCEPT AS PROVIDED BY THE RULES AND THIS AGREEMENT, ARBITRATION SHALL BE THE SOLE, EXCLUSIVE AND FINAL REMEDY FOR ANY DISPUTE BETWEEN THE OWNER AND BENEFICIARY. REMEDIES THAT WOULD

[redacted]

OTHERWISE BE AVAILABLE TO OWNER UNDER APPLICABLE FEDERAL, STATE OR LOCAL LAWS SHALL REMAIN AVAILABLE. THE ARBITRATOR WILL HAVE NO AUTHORITY TO AWARD PUNITIVE DAMAGES OR CONSEQUENTIAL DAMAGES. ACCORDINGLY, EXCEPT AS PROVIDED FOR BY THE RULES AND THIS AGREEMENT, NEITHER THE OWNER NOR BENEFICIARY WILL BE PERMITTED TO PURSUE COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION.

e. **Availability of Injunctive Relief.** BOTH PARTIES AGREE THAT ANY PARTY MAY PETITION A COURT FOR INJUNCTIVE RELIEF AS PERMITTED BY THE RULES INCLUDING, BUT NOT LIMITED TO, IF BENEFICIARY ALLEGES OR CLAIMS A BREACH OF THE AGREEMENT WHERE THE VALUE OF THE PROPERTY OR THE UNLOCK SETTLEMENT PAYMENT IS AT A RISK OF MATERIAL LOSS. BOTH PARTIES UNDERSTAND THAT ANY SUCH BREACH OR THREATENED BREACH OF THE AGREEMENT WILL CAUSE IRREPARABLE INJURY AND THAT MONEY DAMAGES WILL NOT PROVIDE AN ADEQUATE REMEDY THEREFOR AND BOTH PARTIES HEREBY CONSENT TO THE ISSUANCE OF AN INJUNCTION. IN THE EVENT EITHER PARTY SEEKS INJUNCTIVE RELIEF, THE PREVAILING PARTY SHALL BE ENTITLED TO RECOVER REASONABLE COSTS AND ATTORNEYS' FEES.

f. **Small Claims Court.** NOTWITHSTANDING THE ARBITRATION AGREEMENT ABOVE, BOTH PARTIES AGREE THAT ANY PARTY MAY SEEK REMEDIES IN SMALL CLAIMS COURT FOR DISPUTES OR CLAIMS WITHIN THE SCOPE OF SUCH COURT'S JURISDICTION PROVIDED THE COURT'S REQUIREMENTS ARE SATISFIED.

g. **Class Action Waiver.** ARBITRATION MUST BE ON AN INDIVIDUAL BASIS. THIS MEANS NEITHER YOU NOR UNLOCK MAY JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER INDIVIDUALS, OR LITIGATE IN COURT OR ARBITRATE ANY CLAIMS AS A REPRESENTATIVE OR MEMBER OF A CLASS.

h. **Exchange Agreement.** Notwithstanding clause (a) above, if any controversy, claim or dispute with Unlock under or in connection with the Exchange Agreement is subject to arbitration in Colorado, is otherwise subject to the laws of Colorado and/or if any provision of Section 20 (Arbitration) of the Exchange Agreement is not enforceable under the laws of Colorado then Section 20 (Arbitration) of the Exchange Agreement will be deemed to be replaced by this Section 25.

26. **Applicable Law.** This Performance Deed of Trust will be governed by the law of the state in which the Real Property is located.

27. **Provisions Subject to Applicable Law.** All rights, powers and remedies provided in this Performance Deed of Trust may be exercised only to the extent that the exercise thereof does not violate any applicable provisions of law and are intended to be limited to the extent necessary so that they will not render this Performance Deed of Trust invalid, unenforceable or not entitled to be recorded, registered or filed under the provisions of any applicable laws.

28. **State Specific Provisions.**

a. Principles of Construction. In the event of any inconsistencies between the terms and conditions of this Section 28 and the other terms and conditions of this Performance Deed of Trust, the terms and conditions of this Section 28 shall control and be binding.

b. Waiver of Homestead. To the fullest extent permitted by applicable law, Owner waives all homestead rights and any exemptions under state or federal law, presently existing or hereinafter enacted, in and to the Property, as against the payment and/or performance of the Obligations.

c. Expiration Date. The Expiration Date of the Exchange Agreement secured by this Performance Deed of Trust is November 15, 2033 at 11:59:59PM EST, subject to any extension right under the Exchange Agreement.

**[Signatures on Following Page]**

READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. ALL PRIOR ORAL, ELECTRONIC AND WRITTEN COMMUNICATIONS AND AGREEMENTS FROM OR WITH BENEFICIARY, INCLUDING ALL CORRESPONDENCE, OFFER LETTERS, PRINTED MATERIALS, AND DISCLOSURES, ARE MERGED INTO AND SUPERSEDED AND REPLACED BY THIS PERFORMANCE DEED OF TRUST, THE EXCHANGE AGREEMENT AND TRANSACTION DOCUMENTS, AND THE OTHER WRITTEN AGREEMENTS MADE BY AND BETWEEN OWNER AND BENEFICIARY AS OF THE EFFECTIVE DATE.

IN WITNESS WHEREOF, each undersigned Owner has executed this Performance Deed of Trust as of the date set forth above.

**OWNER:**

________________________

Name: Jennifer Cournoyer

**NON VESTED SPOUSE:**

________________________

Name: Neal Louis Nathanson

READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. ALL PRIOR ORAL, ELECTRONIC AND WRITTEN COMMUNICATIONS AND AGREEMENTS FROM OR WITH BENEFICIARY, INCLUDING ALL CORRESPONDENCE, OFFER LETTERS, PRINTED MATERIALS, AND DISCLOSURES, ARE MERGED INTO AND SUPERSEDED AND REPLACED BY THIS PERFORMANCE DEED OF TRUST, THE EXCHANGE AGREEMENT AND TRANSACTION DOCUMENTS, AND THE OTHER WRITTEN AGREEMENTS MADE BY AND BETWEEN OWNER AND BENEFICIARY AS OF THE EFFECTIVE DATE.

IN WITNESS WHEREOF, each undersigned Owner has executed this Performance Deed of Trust as of the date set forth above.

**OWNER:**

______________________

Name: Jennifer Cournoyer

**NON VESTED SPOUSE:**

______________________

Name: Neal Louis Nathanson

## ACKNOWLEDGMENT

State of COLORADO )

County of Park ) SS.

)

The foregoing instrument was acknowledged before me this 16 day of November, 2023 by Jennifer Cournoyer.

WITNESS my hand and official seal.

HOPE LAVONNE HOOVER
NOTARY PUBLIC - STATE OF COLORADO
NOTARY ID 20204029618
MY COMMISSION EXPIRES AUG 25, 2024

[signature] [SEAL]
Notary Public

My commission expires: 8/25/2024

**ACKNOWLEDGMENT**

State of COLORADO )

County of Gilpin ) SS.

)

The foregoing instrument was acknowledged before me this 16 day of NOV, 2023 by Neal Louis Nathanson

WITNESS my hand and official seal.

Kay Masse
• NOTARY PUBLIC •
STATE OF COLORADO
Notary ID 20144047144
My commission expires Dec. 12, 2026

Kay Masse [SEAL]
Notary Public

My commission expires: 12/12/2026

## SCHEDULE A

## LEGAL DESCRIPTION

All the real property, together with improvements, if any, situate, lying and being in the County of Park and State of Colorado, described as follows:

Lots 8 and 9, Block 40, Harris Park Estates - Unit 2, County of Park, State of Colorado.

**Parcel ID / APN:** 19913

[End of legal description]

## SCHEDULE B

**Notice of certain matters agreed in relation to the Real Property in the Exchange Agreement**

1. The initial term of the Exchange Agreement shall commence on the date of the Exchange Agreement and shall expire on **November 15, 2033 at 11:59:59PM EST**.

2. Every person or entity who now or hereafter owns or acquires any right, title or interest in or to any portion of the Real Property is and shall be conclusively deemed to have consented and agreed to every restriction, provision, covenant, right and limitation contained in the Exchange Agreement and this Schedule to the Performance Deed of Trust ("**Schedule**"), whether or not such person or entity expressly assumes such obligations or whether or not any reference to the Exchange Agreement or this Schedule is contained in the instrument conveying such interest in the Real Property to such person or entity.

3. The Exchange Agreement covenants are deemed to be covenants running with the land, and include, without limitation, requirements that Owner:

   (a) not transfer the Real Property without giving prior written notice to Beneficiary and comply with specific sale procedures set forth in the Exchange Agreement;

   (b) maintain insurance on the Real Property against certain hazards and risks;

   (c) not increase the amount of debt to third parties secured by liens on the Real Property as specified in the Exchange Agreement;

   (d) pay all taxes and assessments accruing on the Real Property;

   (e) occupy the Real Property in accordance with the Exchange Agreement and not use the Real Property for commercial or other non-residential purposes;

   (f) keep the Real Property free of liens not approved by Beneficiary; and

   (g) protect and maintain the Real Property and ensure that use of the Real Property complies with all applicable state, federal and local laws and regulations.

4. The purpose of this Schedule is to give notice of the existence of Beneficiary's rights under the Exchange Agreement. If there is an inconsistency between the terms of this Schedule and the Exchange Agreement, the provisions of the Exchange Agreement shall control.

5. This Schedule shall remain in full force and effect until released by a written termination or quitclaim deed executed and notarized by Beneficiary and recorded in the real property records for the county where the Real Property is located, or until extinguished by operation of law.

6. Capitalized terms used in this Schedule shall have the meaning specified in this Schedule (including the Performance Deed of Trust) or if not defined in this Schedule shall have the meaning specified in the Exchange Agreement.

[redacted]